**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| REBECCA STANISLAW, | DOCKET NUMBER |
| Appellant, | CB-7121-23-0001-V-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: February 20, 2025 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nicole M. Ferree, Las Vegas, Nevada, for the appellant.

Arnulfo Urias, Esquire, Los Angeles, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

Pursuant to the Board's instructions in this arbitration review matter,[2] the administrative judge issued a March 21, 2024 Recommended Decision in which

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] In its prior order, the Board clarified that the appellant's due process claim constituted a claim of harmful procedural error and the appellant failed to prove this claim. *Stanislaw v. Department of Homeland Security*, MSPB Docket No. CB-7121-23-0001-V-1, Order, ¶¶ 10-11 (Jul. 7, 2023). We incorporate the Board's findings in this regard.

he recommended finding that the agency proved the elements of an unacceptable performance charge, the appellant did not prove her affirmative defenses of disability discrimination, retaliation, and "administrative double jeopardy," and the removal should be upheld. *Stanislaw v. Department of Homeland Security*, MSPB Docket No. CB-7121-23-0001-H-1, Referral Proceeding File (RPF), Tab 27, Recommended Decision (RD). The appellant has filed Exceptions to the Recommended Decision, and the agency has filed a response. *Stanislaw v. Department of Homeland Security*, MSPB Docket No. CB-7121-23-0001-V-1, Request for Review File (RFRF), Tabs 9-10. For the reasons set forth below, we ADOPT the administrative judge's recommendations regarding the unacceptable performance charge and the appellant's affirmative defenses of failure to accommodate disability discrimination and retaliation, and we uphold the removal action. We DO NOT ADOPT the administrative judge's recommendation regarding the claim of "administrative double jeopardy," but we have analyzed it, and we find that the appellant has not proven this claim. Having found that the agency proved the elements of an unacceptable performance charge and the appellant did not prove her affirmative defenses, we uphold the removal action.

## ANALYSIS

We adopt the administrative judge's recommendations relating to the unacceptable performance charge. The Recommended Decision reflects the administrative judge's thorough discussion of the evidence, he cited the proper case law, and his analysis reflected his thoughtful consideration of the relevant legal issues. RD at 2-35; *see Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15. The Board will not disturb an administrative judge's findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987). We have considered the appellant's

assertions regarding the elements of an unacceptable performance charge, RFRF, Tab 9 at 6-12, but none warrants a different outcome. For example, the supervisor's testimony regarding her view of the "Achieved Expectations" standard does not change the fact that the agency communicated its performance standards and critical elements to the appellant in writing.

We also adopt the administrative judge's recommendation that the appellant did not prove her failure to accommodate claim. The appellant identifies in her Exceptions the agency's failure to provide her certain requested accommodations, including detailed, written topics of weekly meetings, written follow-up instructions for trainings or assignments, positive feedback, and its "insistence" that there would be in-person weekly meetings.[3] RFRF, Tab 9 at 18-19. The administrative judge carefully and thoroughly evaluated the evidence before him on these issues, and the appellant's Exceptions do not persuade us that the administrative judge erred in his analysis. RD at 42-44. For example, the administrative judge found that the appellant's supervisor granted her request to take one of the weekly meetings from home, and the appellant never requested that the weekly meetings be held remotely as an accommodation. RD at 17-18, 45. Regarding the appellant's request for positive feedback, the administrative judge stated that, in the context of this case, the appellant requested positive feedback even though she was not submitting any work, and it is "impossible to give feedback on work that is not done." RD at 44. He also noted that her supervisor gave her positive feedback for requesting do-not-disturb time or submitting a list of cases. *Id.* However, even after she started giving this positive feedback, the appellant submitted no cases and did very little work that

---

[3] Importantly, the appellant does not challenge the administrative judge's discussion of her other accommodations, such as approved leave requests, do-not-disturb time, additional time to respond to supervisors, 24-hour notice of scheduled meetings, and telework.

was submitted to the agency. *Id*. The administrative judge's findings in this regard are supported by the record.[4]

Regarding reassignment, we have considered the appellant's citation to *Julius C. v. Department of the Air Force*, EEOC Appeal No. 0120151295, 2017 WL 2730361 (June 16, 2017), and *Bill A. v. Department of the Army*, EEOC Appeal No. 0120131989, 2016 WL 6662825 (Oct. 26, 2016), to support her contention that the agency had an obligation to conduct a proper vacancy search. RFRF, Tab 9 at 20-22. However, these cases are distinguishable because the complainants requested reassignment as an accommodation. *Julius C.*, EEOC Appeal No. 0120151295, 2017 WL 2730361 at \*2; *Bill A.*, EEOC Appeal No. 0120131989, 2016 WL 6662825 at \* 2, 11. By contrast, here, the administrative judge found that the appellant never asked for a reassignment, RD at 47, and the appellant does not dispute this finding in her Exceptions. *See Collins v. U.S. Postal Service*, 100 M.S.P.R. 332, ¶ 11 (2005) (stating that both parties have an obligation to assist in the search for an appropriate accommodation).

The Board has held that, even if the agency fails to meet its reassignment obligations before it removes an employee, the agency's failure does not relieve the appellant of her ultimate burden to show that a vacant, funded position existed and was available. *Jackson v. U.S. Postal Service*, 79 M.S.P.R. 46, 54 (1998); *see Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 17 (2014) (finding that the appellant bears the ultimate burden of proving that there was a position the agency would have found and could have assigned to her if it had looked). We have considered the appellant's assertion that there were "other positions available within the agency" at the time of her removal, such as Fraud Detection

---

[4] In pertinent part, the administrative judge found that, even crediting the appellant's version of events, and finding that the agency should have given her more do-not-disturb time, more written feedback, and more detailed meeting notices, the appellant did not meet her burden to show that it was more likely than not that she could have performed the Asylum Officer duties within established production and timeliness expectations. RD at 46. We discern no error with his conclusion in this regard.

and National Security positions. RFRF, Tab 9 at 21; *see* RPF, Tab 26-6 at 43-44 (testimony of the appellant). However, this single, generic statement does not persuade us that the administrative judge erred when he concluded that the appellant did not introduce any evidence developed during discovery that there were such positions available, and that she did not meet her burden to show that there were vacant, funded positions to which she could have been reassigned. RD at 47-48.

We further adopt the administrative judge's finding that the appellant did not prove her claim of retaliation for prior equal employment opportunity activity. RD at 48-51. The administrative judge considered the appellant's argument about the timing between her initial accommodation request and the agency's actions; however, we agree with the administrative judge that the appellant has not met her burden to show that her accommodation requests were the "but-for" cause of the agency's actions.

Finally, in the Recommended Decision, the administrative judge discussed the appellant's claim of "administrative double jeopardy." RD at 36-38. However, the administrative judge lacked the authority to review this issue because the Board did not discuss it in its order forwarding the matter to him for further adjudication. *Stanislaw v. Department of Homeland Security*, MSPB Docket No. CB-7121-23-0001-V-1, Order, ¶¶ 1, 5-9, 12 (Jul. 7, 2023). Accordingly, we do not adopt the administrative judge's recommendation on this issue. Nevertheless, because the appellant raised this issue in her request for review, RFRF, Tab 1 at 21-22, we will address it herein.

In her request for review, the appellant asserted that the misconduct which led to her May 2021 suspension was later "characterized as 'performance' and used to support placement on the [P]OP, and subsequently, the performance-based removal." RFRF, Tab 1 at 22. In her Exceptions, the appellant acknowledges that the concept of administrative double jeopardy does not apply to "purely administrative actions" and the Board has not issued "clear guidance" when there

is an "overlap of discipline and performance." RFRF, Tab 9 at 12, 14. She clarifies that she was not asserting that the suspension and removal itself were based on the same events; rather, she asserts that the prior suspension and the POP were based on the same events. *Id*. at 12. In this regard, she asserts that the POP was "so inextricably tied to the removal that it is      . an extension of the [c]hapter 43 removal process." *Id.* In pertinent part, the appellant contends that she was suspended for failing to follow instructions and submit biweekly reports from late 2020 to early 2021, and the June 8, 2021 POP highlighted the fact that she did not submit biweekly reports after December 2020. *Id.* at 13. She asserts that the "exact same reports cannot be used      . against [her] to support a new action." *Id.*

The appellant has not cited, and we have not found, any Board decisions or cases from the U.S. Court of Appeals for the Federal Circuit that applied the concept of administrative double jeopardy to successive misconduct and performance actions. However, even if we assumed for the purposes of our analysis that administrative double jeopardy applied to an adverse action and a subsequent performance-based action, and we assumed more specifically that it applied to the appellant's suspension and the POP, a different outcome is not warranted. We have examined the factual specifications supporting the charges levied against the appellant, i.e., the underlying "cause" relied upon by the agency for taking the action. *Frederick v. Department of Homeland Security*, 122 M.S.P.R. 401, ¶ 9 (2015).[5]

Most of the events described in the notice of proposed suspension are distinguishable from the events described in the POP. For example, the suspension discussed the appellant's failure to follow instructions and failure to follow leave procedures, and it cited examples from December 17, 2020, to February 5, 2021. By contrast, the POP discussed the appellant's unacceptable

---

[5] For the purposes of our analysis, we have relied on cases applying the concept of administrative double jeopardy to successive disciplinary or adverse actions.

performance in the Communication and Technical Proficiency core competencies and provided examples from January 5, 2021, to April 26, 2021. The only identical date between the suspension and the POP was January 5, 2021, but there were different allegations against the appellant from this date.[6]

The appellant's failure to submit biweekly reports is discussed in both the March 8, 2021 notice of proposed suspension and the June 8, 2021 POP. However, the appellant had a continuing obligation to submit biweekly reports, and her continued failure to submit the biweekly reports was relevant to her performance. We see nothing improper about the agency's reliance on the appellant's failure to submit biweekly reports on certain dates to support the suspension action and its reliance on her continued failure to submit those reports, and other deficiencies in her work, as examples of her unacceptable performance in the POP. *See, e.g.*, *Bowen v. Department of the Navy*, 112 M.S.P.R. 607, ¶ 13 (2009) (finding that the agency did not subject the appellant to double punishment when it issued a letter of reprimand for one instance of refusing to use his Government credit card and imposed his removal based on his continued refusal to comply with orders to use the card and the fact that he closed the credit card account), *aff'd*, 402 F. App'x 521 (Fed. Cir. 2010).

Because we find that the agency proved the elements of an unacceptable performance charge and the appellant did not prove her affirmative defenses, we uphold the removal action. *See, e.g.*, *Lisiecki v. Merit Systems Protection Board*, 769 F.2d 1558, 1566-67 (Fed. Cir. 1985) (holding that the Board has no authority

---

[6] For example, related to the suspension, the agency charged the appellant with failing to follow her supervisor's instruction to provide her with information regarding nine cases that she had worked by close of business that day. RFRF, Tab 1 at 861. By contrast, in the POP, as an example of the appellant's unacceptable performance in the Technical Proficiency core competency, the agency identified a communication from the appellant's supervisor on this date in which she reached out to the appellant about five separate cases that the appellant had said were completed but were missing required notices, and the appellant indicated a few days later she would upload the proper notices. *Id.* at 559.

to mitigate a removal action taken under 5 U.S.C. chapter 43 for unacceptable performance).

This is the final decision of the Merit Systems Protection Board on the appellant's request for arbitration review. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:
                            _____
                            Gina K. Grippando
                            Clerk of the Board

Washington, D.C.